# United States Court of Appeals
## For the First Circuit
Case No.: 22-1110

_____

NELLIE SANINOCENCIO
Plaintiff

GARY DOLAN
Interested Party - Appellant

v.

PIERCE AND MANDELL, P.C.
AVERY DOOLEY AND NOONE, LLP
LITCHFIELD CAVO, LLP
Defendants – Appellees

RICHARD WELCH III
MASSACHUSETTS SUPREME JUDICIAL COURT
Defendants

_____

APPEAL FROM JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Case No.: 1:21-CV-11455

_____

BRIEF OF THE DEFENDANTS-APPELLEES
PIERCE AND MANDELL, P.C., AVERY DOOLEY AND NOONE, LLP, AND
LITCHFIELD CAVO, LLP

_____

Peter H. Carroll, BBO No. 688151
Sloane & Walsh, LLP
One Boston Place
201 Washington Street, 16th Floor
Boston, MA  02108-2003
617-523-6010
pcarroll@sloanewalsh.com

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, the Defendants-Appellees, Pierce and Mandell, PC, Litchfield Cavo, LLP, and Avery Dooley and Noone, LLP, hereby state the following:

1. The Defendant-Appellee Pierce and Mandell, P.C. is a professional corporation organized under the laws of the Commonwealth of Massachusetts. Pierce and Mandell, P.C. does not have a parent corporation or any publicly held corporation owning 10% or more of its stock.

2. The Defendant-Appellee Litchfield Cavo, LLP is a limited liability partnership organized under the laws of the State of Illinois. Litchfield Cavo, LLP does not have a parent corporation or any publicly held corporation owning 10% or more of its stock.

3. The Defendant-Appellee Avery Dooley and Noone, LLP is a limited liability partnership organized under the laws of the Commonwealth of Massachusetts. Avery Dooley and Noone, LLP does not have a parent corporation or any publicly held corporation owning 10% or more of its stock.

2412032.v1

# TABLE OF CONTENTS

Table of Authorities ………………………………………………………..... 4

Statement of the Issues ………………………………………………….... 7

Statement of the Case ………………………………………………….. 8

Summary of the Argument ………………………………………………... 9

Argument ………………………………………………………………….. 10

    I. Standard of Review …………………………………………….. 10

    II. The Court Should Affirm the Rule 11 Sanctions and Costs to Effectuate
    Rule 11's Objective …………………………………………………… 11

        A. Rule 11 Sanctions Were and Remain Appropriate for Dolan's
        Blatant Failure to Reasonably Investigate Bases for the Claims or a
        Total Disregard for Established Law ……………………………… 16

            1. Dolan Failed to meet his Rule 11 Burden relative to the
            §1983 Claim …………………………………………… 19

            2. The Rooker-Feldman Doctrine Serves as Grounds to Impose
            Rule 11 Sanctions ………………………………………… 20

            3. The Obvious Statute of Limitations Preclusion is
            Sanctionable …………………………………………… 21

            4. Sanctions are Appropriate Consistent with *Res Judicata*
            Principles …………………………………………… 22

    III. The Costs of this Appeal should be Taxed Against Dolan pursuant to
    Fed. R. App. P. 39(a)(2) …………………………………………….. 24

Conclusion ……………………………………………………………… 25

2412032.v1

# TABLE OF AUTHORITIES

**Cases**

Aldrich v. Ruano, 952 F.Supp.2d 295 (D. Mass. 2013) …………………….... 19

Alston v. Speigel (In re Ames), 993 F.3d 27 (1st Cir. 2021) ……….. 10, 12, 19, 20

Anderson v. Beatrice Foods Co., 900 F.2d 388 (1st Cir. 1990) ……………….... 11

Anderson v. Watertown Sav. Bank, 2008 U.S. Dist. LEXIS 40060 (D. Mass. 2008) …………………………………………………………………………… 22

Austin v. Douglas G. Peterson & Assocs., 2009 U.S. App. LEXIS 29531 (1st Cir. 2009) …………………………………………………………………………….. 24

Balerna v. Gilberti, 2010 U.S. Dist. LEXIS 124639 (D. Mass. 2010) ………….. 16

Cleveland Demolition Co. v. Azcon Scrap Corp., Div. of Gold Fields American Industries, Inc., 827 F.2d 984 (4th Cir. 1987) …………………………... 16, 17, 18

Colonial Imps. Corp. v. Volvo Cars of N. Am., Inc., 2002 U.S. App. LEXIS 28154 (1st Cir. 2002) …………………………………………………………………….... 24

Cullen v. Darvin, 132 B.R. 211 (D. Mass. 1991) ……………………………….. 20

Eastway Construction Corp. v. City of New York, 762 F.2d 243 (2d Cir. 1985).. 18

Eldridge v. Gordon Bros. Grp., LLC, 863 F.3d 66 (1st Cir. 2017) ……………... 10

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) ………………………………………………………... 21

Fashion House, Inc. v. K Mart Corp., 892 F.2d 1076 (1st Cir. 1989) …………... 11

Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17 (1st Cir. 2005) ………………………………………………………... 21

Fidler v. Eastman Kodak Co., 714 F.2d 192 (1st Cir. 1983) ……………………. 22

Goins v. JBC & Assocs., P.C., 352 F. Supp. 2d 262 (D. Conn. 2015) ……… 21, 22

Hochen v. Bobst Group, Inc., 198 F.R.D. 11 (D. Mass. 2000) ……………... 16, 17

Hughes v. McMenamon, 379 F.Supp.2d 75 (D. Mass. 2005) ………. 16, 17, 18, 24

Jones v. SSA, 2004 U.S. Dist. LEXIS 25377 (D. Mass. 2004) ……………... 23, 24

Kale v. Combined Ins. Co. of America, 861 F.2d 746 (1st Cir. 1988) ………….. 20

Kuzmins v. Employee Transfer Corp., 587 F. Supp. 536 (N.D. Ohio 1984) …… 20

Martins v. Charles Hayden Goodwill Inn Sch., 178 F.R.D. 4 (D. Mass. 1997) … 22

Muthig v. Brant Point Nantucket, Inc., 838 F.2d 600 (1st Cir. 1988) …... 11, 13, 18

Navarro-Ayala v. Nunez, 968 F. 2d 1421 (1st Cir. 1992) …………………... 10, 11

Obert v. Republic W. Ins. Co., 398 F.3d 138 (1st Cir. 2005) …………………… 10

Peer v. Lewis, 606 F.3d 1306 (11th Cir. 2010) ………………………………… 21

Polk County v. Dodson, 454 U.S. 312 (1981) …………………………………... 19

Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52 (1st Cir. 1999) …………………………………………………………….. 10, 11

Robinson v. Dean Witter Reynolds, Inc., 129 F.R.D. 15 (D. Mass. 1989) ……... 16

Runge v. Kelly, 2006 U.S. Dist. LEXIS 2148 (D. Mass. 2006) ………………… 19

Silva v. Witschen, 19 F.3d 725 (1st Cir. 1994) ……………………... 11, 17, 18, 19

Steele v. Bongiovi, 784 F. Supp. 2d 94 (D. Mass. 2011) ………………... 16, 23, 24

Steinle v. Warren, 765 F.2d 95 (7th Cir. 1985) ………………………………… 22

Uzamere v. United States, 2013 U.S. Dist. LEXIS 153474 (D. R.I. 2013) …………………………………………………………….. 14, 15, 20, 21, 22, 23

2412032.v1

Woodhull v. Mascarella, 699 Fed.Appx. 872 (11th Cir. 2017) …………………. 21

Young v. City of Providence ex rel. Napolitano, 404 F.3d 33 (1st Cir. 2005)
…………………………………………………………………………….. 10, 16

**Statute**

M.G.L. c. 260 §2A …………………………………………………………… 22

**Other**

Fed. R. Civ. P. 11 …………………………………………………………. 11, 12

2412032.v1

# STATEMENT OF THE ISSUES

The Fed. R. Civ. P. 11 sanctions and associated costs imposed by the United States District Court for the District of Massachusetts were appropriate because the interested party-appellant Gary Dolan continued to pursue and file objectively unreasonable papers that were futile, frivolous, and lacked *any* factual *or* legal bases.

2412032.v1

## STATEMENT OF THE CASE

Contrary to the interested party-appellant Gary Dolan's ("Dolan") arguments put forth in his brief, the matter on appeal is whether the Fed. R. Civ. P. 11 sanctions and associated costs were appropriate. The underlying state court slip and fall action that gave rise to the frivolous fraud on the court and deprivation of civil rights claims are not at issue. Dolan only appeals the February 11, 2022 Order allowing the Defendants-Appellees, Pierce and Mandell, PC, Avery Dooley and Noone, LLP, and Litchfield Cavo, LLP's (collectively "the Law Firms"), Motion for Sanctions and Costs, not whether the plaintiff Nellie Saninocencio's federal court Complaint and Amended Complaint were properly dismissed. This omnibus effort to re-litigate each and every jury verdict and decision rendered by judges in state and federal courts is what resulted in Dolan being sanctioned and ordered to reimburse the Law Firms for $17,730.50.[1] Despite the United States District Court for the District of Massachusetts' ("District Court") cogent February 11, 2022 Order and Decision, including an explanation as to why sanctions and costs were being awarded, Dolan repeats and doubles-down on the very same conduct that served as the basis for the sanctions and costs that is the subject of this appeal.

---

[1] Dolan makes multiple references to Judge Welch in his brief. Judge Welch is not party to this appeal. Clearly, Dolan is seeking to appeal more than just the award of sanctions and costs.

2412032.v1

# SUMMARY OF THE ARGUMENT

Dolan has and continues to pursue legally and factually unsupported claims against the Law Firms that have been rejected by the Massachusetts Superior Court, Appeals Court, and Supreme Judicial Court and most recently by the District Court. Rather than accept the reasoned decisions clearly informing Dolan why there is no basis for his factual and legal assertions, Dolan instead adds defendants along the way to his ever-expanding conspiracy to defraud and deprive his client, Nellie Saninocencio, of her day in court in his baseless and reckless efforts to try and convince anyone he should have prevailed at the underlying slip and fall state court action that a jury found in favor of the Law Firms' clients on January 11, 2016. The lack of *any* legal *or* factual basis for the pursuit of these claims, along with the inappropriate attacks and defamatory statements, were and remain appropriate grounds for the imposition of sanctions and costs.

The District Court's February 11, 2022 Order and Decision were not an abuse of discretion. This Court should affirm the District Court's February 11, 2022 Order and Decision for two reasons: (1) the reasons set forth in that Decision and (2) the regurgitation of the same frivolous and futile arguments put forth by Dolan in his brief.

2412032.v1

# **ARGUMENT**

## **I.    Standard Of Review**

Dolan failed to address the appropriate standard of review, perhaps because that standard of review should lead this Court to affirm the sanctions and costs.[2] This Court reviews the District Court's Order granting sanctions and costs for an abuse of discretion.  See e.g., Eldridge v. Gordon Bros. Grp., LLC, 863 F.3d 66, 86 (1st Cir. 2017) ("We review the judge's Civil-Rule-11-sanctions order for abuse of discretion, a deferential standard. See, e.g., Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52, 56, 57 (1st Cir. 1999). An abuse of discretion occurs when a judge makes 'a mistake of law' or 'a clearly erroneous finding of fact.' Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 38 (1st Cir. 2005); see also Obert v. Republic W. Ins. Co., 398 F.3d 138, 143 (1st Cir. 2005)."); Alston v. Speigel (In re Ames), 993 F.3d 27, 34 (1st Cir. 2021) ("It is apodictic that we review a district court's decision to impose Rule 11 sanctions for abuse of discretion. See Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52, 56 (1st Cir. 1999); Navarro-Ayala v. Nunez, 968 F. 2d 1421, 1425 (1st Cir. 1992). We have said that an abuse of discretion 'occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the

---

[2] And impose new sanctions and costs for pursuit of this appeal.

2412032.v1

court makes a serious mistake in weighing them.' <u>Anderson v. Beatrice Foods Co.</u>, 900 F.2d 388, 394 (1st Cir. 1990) (quoting <u>Fashion House, Inc. v. K Mart Corp.</u>, 892 F.2d 1076, 1081 (1st Cir. 1989)). Mindful that sanctions determinations are context-dependent, 'our review is deferential—but not reflexively acquiescent.' <u>Protective Life</u>, 171 F.3d at 56. Consequently, the sanctioned party 'bears a formidable burden' when attempting to show that the sanctioning court abused its discretion. <u>Navarro-Ayala</u>, 968 F.2d at 1425."); <u>see also</u> Fed. R. Civ. P. 11. "An appellate court will afford a degree of leeway to a district court in applying this rule, for the district court 'has tasted the flavor of the litigation and is in the best position to make these determinations.'" <u>Muthig v. Brant Point Nantucket, Inc.</u>, 838 F.2d 600, 603 (1st Cir. 1988) (citations omitted). "As the party challenging the sanctions award, [Dolan] bears the formidable burden of establishing abuse of discretion." <u>Silva v. Witschen</u>, 19 F.3d 725, 727 (1st Cir. 1994).

## II. <u>The Court Should Affirm The Rule 11 Sanctions And Costs To Effectuate Rule 11's Objective</u>

Rule 11 serves as a check on unrestrained, meritless filings such as those made by Dolan:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge,

11

information, and belief, formed after an inquiry
reasonable under the circumstances:
(1) it is not being presented for any improper purpose,
such as to harass, cause unnecessary delay, or needlessly
increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are
warranted by existing law or by a nonfrivolous argument
for extending, modifying, or reversing existing law or for
establishing new law;
(3) the factual contentions have evidentiary support or, if
specifically so identified, will likely have evidentiary
support after a reasonable opportunity for further
investigation or discovery; and
(4) the denials of factual contentions are warranted on the
evidence or, if specifically so identified, are reasonably
based on belief or a lack of information.

Fed. R. Civ. P. 11. Dolan "must respect the boundaries of appropriate advocacy.

Here, [Dolan] persisted in pursuing claims against [the Law Firms] without an

adequate basis in fact or in law despite a pointed warning from the [prior state and

federal court judges]. When — as in this case — zealous advocacy is based on

nothing more than a wing and a prayer, it is sanctionable." In re Ames, 993 F.3d at

39.

Dolan's continued inappropriate, egregious, and factually and legally

unsupported filings necessitate this Court to (1) affirm the sanctions and

$17,730.50 in costs awarded to the Law Firms pursuant to Fed. R. Civ. P. 11(c)(2);

(2) award the Law Firms their fees and expenses incurred in connection with this

2412032.v1

appeal pursuant to Fed. R. App. P. 38;[3] (3) order that Dolan is again barred from further pursuit of these meritless and futile claims without leave of court; and (4) order that Dolan be required to reimburse the Law Firms for their fees and expenses incurred with any further and/or future pursuits of these baseless claims. See Muthig, 838 F.2d at 607 ("we award appellate counsel fees because Rule 11 specifically says that an 'appropriate sanction . . . may include an order to pay … the amount of the reasonable expenses *incurred because of* the filing of the pleading, motion, or other paper' that violated Rule 11. Fed. R. Civ. P. 11 (emphasis added). As the District of Columbia Circuit has pointed out, a party who successfully defends a Rule 11 appeal incurs appellate expenses (including attorneys' fees) 'because of' the Rule 11 violation.") (citation omitted).

While unnecessary for this appeal under the abuse of discretion review, the Court may be interested in understanding the scope of Dolan's egregious and wholly inappropriate conduct, as referenced by the District Court in the operative Order and Decision: "Most relevant factors counsel in favor of ordering all of the associated fees ($17,730.50) as sanctions, first among them, the egregiousness of Dolan's conduct." Addendum to Dolan Brief at pp. 23-26. To that end, the Law Firms draw the Court's attention to the Law Firms' Motion to Dismiss, the

---

[3] The subject of a related motion to be filed with the Court.

Memorandum in Support of the Motion to Dismiss, **and** the referenced exhibits thereto filed in the District Court on September 28, 2021.[4]

Dolan claims he has evidence to prove the underlying slip and fall state action. Not that this Court needs the assistance in parsing that unsubstantiated assertion, but the Court should be aware Dolan has been making such claims since this matter was initially filed in Massachusetts Superior Court on March 28, 2018. No such evidence has been presented to date, and certainly would have been if it meant obtaining the relief Dolan still seeks. It is also worth reminding the Court that Dolan agreed to the bifurcation of liability and damages during the trial of the underlying slip and fall state action, which is one of his earliest claims of nefarious conduct on the part of the Law Firms, regardless of how he now attempts to re-paint that factual history.[5]

Dolan's pursuit of these factually and legally baseless claims shares similarities with the *pro se* plaintiff in the <u>Uzamere v. United States</u>, 2013 U.S. Dist. LEXIS 153474 (D. R.I. 2013) action, namely the extreme pursuit of objectively futile claims. Dolan and the <u>Uzamere</u> plaintiff allege ever-expanding

---

[4] Those papers and exhibits are not included as part of the Appendix to avoid an unnecessarily voluminous Appendix.

[5] Dolan contests "the Defendant Attorneys know the trial was not bifurcated between liability and damages." The obvious questions that follow for Dolan include: "What then was the trial bifurcated between?" and "What does the bifurcation procedure do other than address liability prior to damages?"

2412032.v1

conspiracies to defraud and deprive the plaintiffs by adding lawyers, judges, and courts as defendants along the way; file complaints, amended complaints, and motions that lack a factual or legal basis and are therefore dismissed with prejudice; and pursue the same futile claims in multiple state and federal courts despite the clear decisions and established law precluding the pursuit of those claims.[6] Id. The Uzamere decision patiently details the various bases for dismissing the plaintiff's complaint, which include, but are not limited to, the Rooker-Feldman doctrine, *res judicata*, statute of limitations, and absolute immunity, all of which were considered by the District Court in dismissing Ms. Saninocencio's Amended Complaint. Id. The plaintiff in Uzamere was threatened with Rule 11 sanctions as that was her initial foray into the United States District Court for the District of Rhode Island, which is not the case with Dolan's continued pursuit via this appeal. Id. at *57.

---

[6] Similar to the plaintiff in Uzamere, Dolan alleged there was some racial bias in Massachusetts state courts as part of his Request for Further Appellate Review to the Supreme Judicial Court: "As far as sanctions, I would consider it an honor to be kicked out of this sleazy profession by the likes of judges who overlooked what the [Law Firms] have done to [Ms. Saninocencio] for the last five years. The SJC's recent letter regarding racial bias against black litigants is laughable considering what the courts have done to cover up this fraud. I guess it was the Appellant's tough luck that respecting brown rights isn't also currently fashionable."

**A.**    **Rule 11 Sanctions Were And Remain Appropriate For Dolan's Blatant Failure To Reasonably Investigate Bases For The Claims Or A Total Disregard For Established Law**

Under federal law, sanctions are appropriate when a lawyer breaches his or her duty to make reasonable inquiry as to the merits of the complaint and any subsequent filings: "Rule 11 serves to deter parties from asserting claims or defenses that are frivolous or brought for an improper purpose." Hochen v. Bobst Group, Inc., 198 F.R.D. 11, 16 (D. Mass. 2000); Steele v. Bongiovi, 784 F. Supp. 2d 94, 99 (D. Mass. 2011) ("Rule 11 sanctions are intended to 'protect parties and the Court from wasteful, frivolous, and harassing lawsuits.'") (citations omitted); Balerna v. Gilberti, 2010 U.S. Dist. LEXIS 124639, *16 (D. Mass. 2010) citing Young v. City of Providence ex rel. Napolitano, 404 F.3d 33, 39 (1st Cir. 2005) ("Rule 11 prohibits filings made with an improper purpose, the offering of frivolous arguments, and the assertion of factual allegations without evidentiary support or the likely prospect of such support.") (citations and quotations omitted); Hughes v. McMenamon, 379 F.Supp.2d 75, 79- 80 (D. Mass. 2005) ("It does not require sophistication or legal training to realize that the filing of this case was frivolous."); Robinson v. Dean Witter Reynolds, Inc., 129 F.R.D. 15, 18 (D. Mass. 1989); see also Cleveland Demolition Co. v. Azcon Scrap Corp., Div. of Gold Fields American Industries, Inc., 827 F.2d 984, 987 (4th Cir. 1987) (and cases cited therein). 'A violation of Rule 11, as revised, might be caused by

inexperience, incompetence, willfulness, or deliberate choice,' each of which are present in Dolan's continued pursuit of these claims in federal courts. <u>Hochen</u>, 198 F.R.D. at 16 (citation omitted).

Dolan cannot substantiate any of his unrestrained claims, as evident in being ruled against at each and every turn by Massachusetts state courts and more recently the District Court. Moreover, Dolan assented to the bifurcation that he now alleges deprived the plaintiff of her civil rights. That fact (and it is a fact regardless of Dolan's attempts to suggest otherwise) makes Dolan's futile attempts to rewrite history objectively unreasonable and sanctions appropriate. "The court found that '[Dolan] failed to make a reasonable inquiry to determine that the complaint was well founded in fact . . . [and] even more important [the] lawsuit was baseless as a matter of law.'" <u>Silva</u>, 19 F.3d at 731; <u>see</u> <u>Hughes</u>, 379 F.Supp.2d at 79-80.

Similar to the <u>Cleveland Demolition</u> matter, which included a fraud on the court count against a lawyer, Dolan's never-ending pursuit of these baseless claims via the plaintiff's "[C]omplaint of this nature has a potentially devastating impact upon professional reputations." <u>Cleveland Demolition</u>, 827 F.2d at 987. Unlike the <u>Cleveland Demolition</u> matter, however, Dolan did not need to conduct legal research, but rather, simply review the various decisions Massachusetts state courts issued against his positions and the District Court's recent decision that made clear

that this "[C]omplaint had 'absolutely no chance of success under the existing precedent.'" Id. at 988 quoting Eastway Construction Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985); see Silva, 19 F.3d at 731; Hughes, 379 F.Supp.2d at 79-80.

Certainly, Dolan would have presented *actual* evidence, as opposed to unsubstantiated conclusory statements, of the alleged fraud on the courts and deprivation of the plaintiff's civil rights if such evidence existed at any point since the underlying slip and fall state court trial concluded on January 11, 2016. Dolan's ever-expanding conspiracy involving multiple Massachusetts licensed attorneys, law firms, and judges at every level of Massachusetts state courts working in concert to deprive the plaintiff of her day in court, all stemming from "a simple negligence action" involving a slip and fall, would be incredibly difficult to conceal based on its scope. The dearth of any evidence to support these outrageous allegations after more than six years is telling.

Dolan has and continues to spend a significant amount of time pursuing these futile and frivolous claims. Dolan could have dedicated a small portion of that time "making 'reasonable inquiry' before making the assertion[s]" he continues to pursue. Muthig, 838 F.2d at 607-08. Dolan chose not to; and, as a result, the Rule 11 sanctions should be affirmed, and additional sanctions and costs imposed. Id. at 608 ("it is a case in which the assertion of invalid claims, the

invalidity of which 'reasonable inquiry' would have revealed, inflicted $18,000 worth of harm").

1. *Dolan Failed to Meet His Rule 11 Burden relative to the §1983 Claim*

The Court should affirm the sanctions on plaintiff counsel for his abject and inexcusable failure to conduct a reasonable investigation into the § 1983 count where established law makes clear that the Law Firms were not acting under color of state law. See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983… not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.' This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed."); In re Ames, 993 F.3d at 37 ("civil rights cases are no different than other cases, and requiring an attorney to abide by the strictures of Rule 11 does not impermissibly chill his client's rights. See Silva v. Witschen, 19 F.3d 725, 733 n.15 (1st Cir. 1994) ('**[W]e cannot agree that a groundless civil rights action is any less appropriate a candidate for Rule 11 sanctions than other groundless actions**.').") (emphasis added); Aldrich v. Ruano, 952 F.Supp.2d 295, 301 (D.Mass. 2013); Runge v. Kelly, 2006 U.S. Dist. LEXIS 2148, *7-8 (D.Mass. 2006). This explicit failure to meet his Rule 11 duties is grounds to affirm the sanctions. See In re Ames, 993

19

F.3d at 37; <u>Cullen v. Darvin</u>, 132 B.R. 211, 215 (D.Mass. 1991) <u>citing</u> <u>Kale v.</u>

<u>Combined Ins. Co. of America</u>, 861 F.2d 746, 758 (1st Cir. 1988) ("Attorneys are

also subject to a continuing obligation to investigate their clients' claims

throughout the proceeding, ensuring that any subsequent filings also meet the Rule

11 standard in light of the reasonable inquiry and improper purpose grounds for

sanctions."); <u>see also</u> <u>Kuzmins v. Employee Transfer Corp.</u>, 587 F. Supp. 536, 538

(N.D. Ohio 1984) ("The 1983 amendment is intended to encourage attorneys to

engage in inquiry and investigation into the facts and the law so that the allegations

are well grounded. The rule is not intended to inhibit an attorney's creativity, but to

streamline the process and avoid abuses. It appears that grounds for imposing

sanctions exist.").  Rule 11 sanctions are appropriate for the failure to appreciate or

disregard for the acting under color of state action requirement to the §1983 claim.

<u>See</u> <u>id.</u>

> 2. *The Rooker-Feldman Doctrine Serves as Grounds to Impose*
>    *Rule 11 Sanctions*

The Court should affirm the sanctions imposed for Dolan's blatant attempts

to overturn state judgments and decisions he does not agree with per the Rooker-

Feldman doctrine.  <u>See</u> <u>Uzamere</u>, 2013 U.S. Dist. LEXIS 153474 at *37 ("The

Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those

judgments.' <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). The doctrine applies when a plaintiff explicitly or implicitly seeks review of a state court judgment. <u>See</u> <u>Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.</u>, 410 F.3d 17, 24 (1st Cir. 2005)); <u>see also</u> <u>Woodhull v. Mascarella</u>, 699 Fed.Appx. 872, 875-76 (11th Cir. 2017) ("The district court did not abuse its discretion when it sanctioned Woodhull under Federal Rule of Civil Procedure 11 for filing a frivolous complaint. Sanctions are appropriate under Rule 11 when a party 'insist[s] upon a position after it is no longer tenable.' <u>Peer v. Lewis</u>, 606 F.3d 1306, 1311 (11th Cir. 2010) (quoting Rule 11 advisory committee note (1993)). Woodhull persisted in filing a complaint that she knew that the district court lacked jurisdiction under the Rooker-Feldman doctrine to entertain.").  The fraud on the courts counts, Counts I and II, have been unanimously decided against the plaintiff and Dolan at every level of Massachusetts state courts.  The continued pursuit of those same claims in federal court is sanctionable under the Rooker-Feldman doctrine.  <u>Id.</u>

      *3.*    *<u>The Obvious Statute of Limitations Preclusion is Sanctionable</u>*

The Court should affirm the Rule 11 sanctions imposed on Dolan based on his continued pursuit of the fraud on the courts counts that are unequivocally barred by the statute of limitations.  <u>See e.g.</u>, <u>Goins v. JBC & Assocs., P.C.</u>, 352 F. Supp. 2d 262, 272 (D. Conn. 2015) ("Sanctions therefore would be appropriate if

an attorney knowingly filed suit on an undisputedly time-barred claim. <u>See</u> <u>Steinle</u> <u>v. Warren</u>, 765 F.2d 95 (7th Cir. 1985) (awarding attorneys fees to opposing party and imposing Rule 11 sanctions where attorney knew claim was time-barred).");

<u>Uzamere</u>, 2013 U.S. Dist. LEXIS 153474 at *38-41; <u>Martins v. Charles Hayden</u> <u>Goodwill Inn Sch.</u>, 178 F.R.D. 4, 7 (D. Mass. 1997) (recognizing Rule 11 sanctions "for filing a time-barred and substantively frivolous claim").

The federal court Complaint and Amended Complaint were barred by the statute of limitations as the causes of action, fraud on the Trial Court and Appeals Court, accrued well in advance of September 6, 2018, by Dolan's own admission no less. M.G.L. c. 260 §2A; <u>Fidler v. Eastman Kodak Co.</u>, 714 F.2d 192, 196 (1st Cir. 1983); <u>Anderson v. Watertown Sav. Bank</u>, 2008 U.S. Dist. LEXIS 40060, *6-7 (D. Mass. 2008). The Court should affirm the sanctions in light of Dolan's complete failure to appreciate and abide by established statute of limitations principles. <u>See e.g.</u>, <u>Goins</u>, 352 F. Supp. 2d at 272; <u>Uzamere</u>, 2013 U.S. Dist. LEXIS 153474 at *38-41; <u>Martins</u>, 178 F.R.D. at 7.

    *4. <u>Sanctions are Appropriate Consistent with Res Judicata</u>* <u>*Principles*</u>

Knowingly filing claims that have previously been fully adjudicated and therefore barred by *res judicata* serves as a basis to impose Rule 11 sanctions:

> Jones's conduct in attempting to bring claims involving
> facts and circumstances previously and repeatedly
> rejected by this Court and against parties -- the BHA in

particular -- not properly named in his complaint implicates several of these factors. I find that his actions were both willful and malicious. See, e.g., Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (it is malicious per se for a pauper to file successive in forma pauperis lawsuits that duplicate claims made in other pending or previous lawsuits). Furthermore, Jones' behavior in this action is the continuation of a deliberate pattern that has resulted in the expenditure by the Court of significant time and resources in processing and deciding his filings and pleadings, and by the affected defendants and other summonsed entities in responding as well.

Jones v. SSA, 2004 U.S. Dist. LEXIS 25377, *12 (D. Mass. 2004); Uzamere 2013

U.S. Dist. LEXIS 153474 at *32-33 ("much of the substance of this Amended

Complaint has previously been dismissed, in many instances on the merits. Every

such claim with identicality of parties should be dismissed based on the doctrine

of *res judicata*, which provides that a final judgment on the merits of an action

precludes the parties from re-litigating claims that were or could have been raised

in the prior action."); Steele, 784 F.Supp.2d at 99 (finding "[plaintiff's] claims in

this action are meritless and appear to be an attempt to circumvent this Court's

holding in Steele I. Thus, this lawsuit appears frivolous and vexatious, and the

Court concludes that sanctions are warranted" in accordance with *res judicata*).

The Jones decision is all the more alarming with respect to this appeal because

Dolan is a licensed attorney whereas Mr. Jones was a *pro se* plaintiff. "Serious

measures must be taken in order to underscore for [Dolan] that his repeated

litigation of previously-dismissed claims must end." Id. at *13; see Uzamere 2013

23

U.S. Dist. LEXIS 153474 at *32-33; <u>Steele</u>, 784 F.Supp.2d at 99; <u>Hughes</u>, 379 F.Supp.2d at 79- 80 (determining *res judicata* barred plaintiff from bringing another claim after previously receiving three court decisions on the same causes of action).  The blatant disregard for the state court rulings and their preclusive effect is grounds to affirm the sanctions.  <u>Id.</u>

## III.  **The Costs Of This Appeal Should Be Taxed Against Dolan Pursuant to Fed. R. App. P. 39(a)(2)**

Per the unambiguous language of Fed. R. App. P. 39(a)(2), the Court should tax the costs associated with this frivolous appeal to Dolan after affirming the District Court's Order imposing sanctions and costs on Dolan.[7] <u>Austin v. Douglas G. Peterson & Assocs.</u>, 2009 U.S. App. LEXIS 29531, *4 (1st Cir. 2009) ("The judgment of the district court is affirmed. Costs to appellees. Fed. R. App. P. 39(a)(2)."); <u>Colonial Imps. Corp. v. Volvo Cars of N. Am., Inc.</u>, 2002 U.S. App. LEXIS 28154, *2 (1st Cir. 2002) ("Having reviewed the record, the parties' briefs, and the decision below, we follow our own advice and affirm the judgment below on the basis of the district court's opinion. Costs are assessed against the appellant. Fed. R. App. P. 39(a)(2).").

---

[7] The Law Firms will be filing a separate, but related Fed. R. App. P. 38 Motion for the damages and costs associated with Dolan's frivolous appeal.

2412032.v1

## <u>CONCLUSION</u>

The Law Firms request that this Court (1) affirms the sanctions and $17,730.50 in costs awarded to the Law Firms pursuant to Fed. R. Civ. P. 11(c)(2); (2) award the Law Firms their fees and expenses incurred in connection with this appeal pursuant to Fed. R. App. P. 38;[8] (3) order that Dolan is again barred from further pursuit of these meritless and futile claims without leave of court; (4) order that Dolan be required to reimburse the Law Firms for their fees and expenses incurred with any further and/or future pursuits of these baseless claims; and (5) tax the costs associated with this frivolous appeal to Dolan pursuant to Fed. R. App. P. 39(a)(2).

Respectfully Submitted,
Pierce and Mandell, P.C.,
Avery Dooley and Noone, LLP,
Litchfield Cavo, LLP,
The Defendants-Appellees,
By Their Attorney,

 _/s/ Peter H. Carroll_____
Peter H. Carroll, BBO No. 688151
Sloane & Walsh, LLP
One Boston Place
201 Washington Street, 16th Floor
Boston, MA  02108-2003
617-523-6010
pcarroll@sloanewalsh.com

Date:  May 12, 2022

---

[8] The subject of a related motion to be filed with the Court.

2412032.v1

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I, Peter Carroll, attorney for the Defendants-Appellees, hereby certify that the foregoing brief was prepared with Microsoft Word and contains 4,386 words of proportionally spaced face (i.e. Times New Roman), 14-point, and is less than thirty (30) pages in length.

Respectfully Submitted,
Pierce and Mandell, P.C.,
Avery Dooley and Noone, LLP,
Litchfield Cavo, LLP,
The Defendants-Appellees,
By Their Attorney,

_/s/ Peter H. Carroll_____
Peter H. Carroll, BBO No. 688151
Sloane & Walsh, LLP
One Boston Place
201 Washington Street, 16th Floor
Boston, MA 02108-2003
617-523-6010
pcarroll@sloanewalsh.com

Date: May 12, 2022

2412032.v1

## CERTIFICATE OF SERVICE

I, Peter H. Carroll, Esq., hereby certify that on May 12, 2022, I served this document via email and through the Case Management/Electronic Case Files (CM/ECF) system for electronic service for the below counsel who is a registered user.

Gary Dolan, Esq.
P.O. Box 3076
Andover, MA 01810
Telephone:  (978) 682-1974
grdolan.law@gmail.com

*/s/ Peter H. Carroll*
_____

Peter H. Carroll

2412032.v1